UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES VERDEL FARNSWORTH<br><br>    Plaintiff,<br><br>  v.<br><br>PIERCE COUNTY SHERIFF *et al.*,<br><br>    Defendants. | Case No. C04-5780RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**JUNE 24TH, 2005** |

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Pending before the court are:

    1.    City of Tacoma's motion to revoke in forma pauperis status.  (Dkt. # 45).

    2.    City of Tacoma's motion to dismiss.  (Dkt. # 46).

    3.    City of Tacoma's motion for summary judgment.  (Dkt. # 47).

    4.    Plaintiff Farnsworth's motion for sanctions.  (Dkt. # 49).

    5.    Pierce County's motion to dismiss.  (Dkt. # 52).

    Also before the court is the county defendants response to an Order to Show Cause.  (Dkt. # 50).

REPORT AND RECOMMENDATION- 1

The court begins with the county defendants response to the Order to Show Cause. Counsel for the county has shown that plaintiff has used several different addresses in "serving" his discovery requests. (Dkt. # 50). Further the response shows plaintiff making confusing and convoluted requests and then sending correspondence telling counsel to disregard portions of the requested discovery. (Dkt. # 50). The county also shows that requests for admissions sent to the proper address were answered. (Dkt. # 50). Sanctions are not warranted in this case.

The county also makes an argument regarding service of process in response to the Order to Show Cause. (Dkt. # 50, page 1). This argument is not well taken. The plaintiff in this action asked for and was granted *in forma pauperis* status. (Dkt. # 1 and 3). The court ordered the United States Marshals Service to attempt service by mail. (Dkt. # 7). The plaintiff cannot be faulted for any alleged defect in service. Further, Pierce County appeared in this case even before the court had entered the order regarding service. (Dkt. # 5). The court acknowledges the appearance was a special appearance and contested service of process, however the county cannot claim it was not aware of the action. Finally, the county has now joined in a motion to dismiss that goes beyond arguing lack of in personam jurisdiction and has therefore submitted to the jurisdiction of this tribunal. (Dkt. # 52).

The next motion before the court is the city of Tacoma's motion to revoke plaintiff's *in forma pauperis* status. The city argues plaintiff is a seasoned litigator and this case is not filed for a proper purpose. The city also argues that while plaintiff was an inmate in Utah he had at least three cases dismissed as frivolous or for failure to state a claim. If defendant's contention regarding three prior dismissals is true plaintiff cannot obtain *in forma pauperis* status unless he is in imminent danger of serious injury. (Dkt. # 45).

28 U.S.C. 1915 provides:

**(a)** **(1)** Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal

REPORT AND RECOMMENDATION- 2

and affiant's belief that the person is entitled to redress.

**(2)** A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

**(3)** An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

**(b)**   **(1)** Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–

**(A)** the average monthly deposits to the prisoner's account; or

**(B)** the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

**(2)** After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

**(3)** In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.

**(4)** In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

**(c)**   Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when

REPORT AND RECOMMENDATION- 3

|   |   |   |
|---|---|---|
|   |   | authorized by the Director of the Administrative Office of the United States Courts. |
|   | **(d)** | The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases. |
|   | **(e)** | **(1)** The court may request an attorney to represent any person unable to afford counsel. |
|   |   | **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that– |
|   |   | **(A)** the allegation of poverty is untrue; or |
|   |   | **(B)** the action or appeal– |
|   |   | **(i)** is frivolous or malicious; |
|   |   | **(ii)** fails to state a claim on which relief may be granted; or |
|   |   | **(iii)** seeks monetary relief against a defendant who is immune from such relief. |
|   | **(f)** | **(1)** Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred. If the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States. |
|   |   | **(2)(A)** If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered. |
|   |   | **(B)** The prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees under subsection (a)(2). |
|   |   | **(C)** In no event shall the costs collected exceed the amount of the costs ordered by the court. |
|   | **(g)** | In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. |
|   | **(h)** | As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or |

REPORT AND RECOMMENDATION- 4

> adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915.

The city has placed before the court records from the United States District Court for the Central District of Utah. (Dkt. # 43 exhibit 6 through 9). Exhibit 6 is the docket sheet for Farnsworth v. Gald, 94 cv- 774. The case was before the honorable J. Thomas Greene. Docket entry 45 reflects the case being dismissed as frivolous. An appeal from that ruling was also dismissed. (Dkt. # 43, exhibit 6).

Exhibit 7 is the docket sheet for Farnsworth v. Coburn, 94 cv-475. The case was before the honorable David Sam. Docket entry 12 reflects a Report and Recommendation that the action be dismissed for failure to state a claim. That Report was adopted and the case dismissed in docket entry 15. An appeal from that dismissal was also dismissed. (Dkt. # 43, exhibit 7).

Exhibit 8 is the docket sheet for Farnsworth v. U.S. Attorney and United States Marshal Service, 94 cv-199. The case was before the honorable Bruce S. Jenkins. Docket entry 8 is a Report and Recommendation that the action be dismissed prior to service either for failure to state a claim or as frivolous pursuant to 28 U.S.C. 1915 (d) . That report was adopted in docket entry 10. Again, plaintiff appealed and the appeal was dismissed. (Dkt. # 43, exhibit 8).

Exhibit 9 is the docket sheet for Farnsworth v. Salt Lake County, 95 cv-516. The case was not assigned and the motion to proceed *in forma pauperis* was denied by the honorable David K. Winder. Thus, it appears that on six occasions plaintiff has had a case dismissed as either frivolous or for failure to state a claim. Both the case and the appeal count as strikes. Further, on at least one occasion plaintiff has been denied *in forma pauperis* status although the record is not perfectly clear as to why. (Dkt. # 43, exhibit 9).

Plaintiff's response to the motion to dismiss is to argue the city is liable for the allegations in the complaint and the only reason the prior litigation is being mentioned is to prejudice the court. (Dkt. # 53). Plaintiff is in error. The record before the court shows plaintiff cannot proceed *in forma pauperis* unless he is under imminent danger of serious physical injury. See, 28 U.S.C. §1915

REPORT AND RECOMMENDATION- 5

(g).

Accordingly the court recommends that plaintiff's *in forma pauperis* status be **REVOKED**. All other pending motions should be denied and plaintiff should be given 30 days to pay the filing fee. As this case was filed prior to the filing fee increase plaintiff should pay the 150 dollar fee rather than the 250 dollar fee. If plaintiff pays the full 150 dollar fee the parties may to re-note any motion they wish the court to consider. A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 24th, 2005**, as noted in the caption.

DATED this 18th day of May 2005.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 6